Georgia.
*Tony L. Axam,* for Chapman.

## S97Y1803. IN THE MATTER OF ROBERT S. WHITELAW.
(492 SE2d 236)

PER CURIAM.

In this disciplinary matter, Respondent Robert S. Whitelaw filed a petition for voluntary discipline admitting to a violation of Standard 30 of State Bar Rule 4-102 (failure to fully disclose a conflict of interest to a client), following a finding of probable cause by the Investigative Review Board of the State Bar. In his petition, Whitelaw requests that this Court impose up to a six-month suspension and he also agrees to make restitution to the client. Based on Whitelaw's admissions and taking into account the mitigating factors noted by the State Bar in its Response to the Petition, this Court agrees with the State Bar that the level of discipline requested in the Petition is appropriate in this case. We hereby order Whitelaw suspended from the practice of law in this state for a period of six months and that, prior to seeking reinstatement of his license, Whitelaw must, with the agreement of all parties involved, make the appropriate restitution.

Whitelaw served as the administrator of the estate of Frankye Wood Ricks's late husband, and as the executor of the estate of her deceased son. Upon noting that Mrs. Ricks's inheritance from her husband considerably increased the size of her own estate, Whitelaw offered legal advice to Mrs. Ricks about reducing the tax consequences to her estate by making $10,000 gifts to various acquaintances and relatives. Subsequently, Whitelaw became aware that Mrs. Ricks intended to give gifts of $10,000 to both him and his wife. Whitelaw and his wife received and accepted these gifts without Whitelaw first making written disclosure or giving written notice to Mrs. Ricks regarding the existence of a potential conflict of interest on his part in receiving these gifts based on his earlier tax advice.

We agree with the State Bar, and Whitelaw now admits, that his actions constituted a violation of Standard 30 (failure to fully disclose a conflict of interest to a client) of Bar Rule 4-102 (d). We have reviewed the record and find that suspension is an appropriate sanction in this case when combined with restitution to the client of the money gifted. Accordingly, Whitelaw is hereby suspended from the practice of law in this state for a minimum period of six months, and until he provides to the Office of General Counsel proof of full restitution to the client after agreement of all parties involved.

Whitelaw is reminded of his duties under Bar Rule 4-219 (c) to

timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Suspended. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*William P. Smith III, General Counsel State Bar, Elizabeth W. Morn, Assistant General Counsel State Bar,* for State Bar of Georgia.

